Baldwin, J.
delivered the opinion of the Court.
The Court is of opinion, that by the express provisions of the 31st section of the act concerning the County an(j gj^gr inferior Courts, and the jurisdiction of justices of the peace, 1 Rev. Code, p. 253-4, the party injured by the failure' of a constable to pay over money received by him on an execution issued by a justice of the peace, may recover the same, with interest and costs, by motion against the constable and his securities; and any justice of the peace of the county in the Court of which such constable’s official bond is deposited, is empowered to hear such motion, and render judgment thereon. The jurisdiction thus conferred upon the justice does not in any wise depend upon the value of the execution or of the judgment upon which it has been issued; nor can it be at all affected by the circumstance that the party prosecutiug such motion is at the same time entitled to and actually prosecuting other motions against the same constable and his securities, before the same or any other justice, founded upon the failure of such constable to pay over other moneys received by him upon other like executions. The remedy being given for each separate default of the officer, the jurisdiction of the justice cannot in any instance be ousted by the number or' aggregate pecuniary amount of the several defaults. And the Court is further of opinion, that in the present case the motions before the justice, and his judgments thereupon in the proceedings mentioned, having been separate and distinct, it is no objection to the jurisdiction .which lie exercised, that said motions were prosecuted under one joint notice. The Court is therefore of opinion, that the Circuit Court ought not to have awarded the prohibition sought by the defendant in error, which opinion renders it unnecessary to consider the other alleged grounds of error in the judgment of the Circuit Court. Wherefore it is considered by the Court, that the said judgment of the Circuit Court be *201 reversed and annulled, and that the plaintiff in error recover against the defendant in error his costs by him expended in the prosecution of his writ of error and supersedeas here. And this Court proceeding to render such judgment as the Circuit Court ought to have rendered, it is further considered, that the rule upon which said prohibition was founded be discharged, and the petition therefor dismissed; and that the defendant therein recover against the plaintiff therein his costs expended in the defence thereof. Which is ordered to be certified to the said Circuit Court.